

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JORGE BARRETO ABILES, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-719-A |
| | § | (NO. 4:13-CR-141-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Jorge Barreto Abiles ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion and attached declaration, the government's response, pertinent parts of the record in Case No. 4:13-CR-141-A, styled "United States of America v. Jorge Barreto Abiles," and applicable authorities, the court has concluded that the motion should be denied.

I.

### Background

Information contained in the record of the underlying criminal case discloses the following:

On August 14, 2013, movant was named in a two-count indictment charging him in count one with possession with intent to distribute a controlled substance (50 grams or more of a mixture and substance containing a detectable amount of

methamphetamine), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and in count two with knowingly carrying and using a firearm during and in relation to the offense charged in count one, in violation of 18 U.S.C. § 924(c)(1)(A). CR Doc. 8.[1]

On September 13, 2013, movant appeared with his counsel and pleaded guilty to both counts of the indictment without benefit of a plea agreement. CR Docs. 16, 39. The court engaged in an extensive plea colloquy with movant. CR Doc. 39. Under oath, movant declared that he understood: his rights; that the court would impose his punishment; that he faced a sentence of five to forty years on count one of the indictment and a consecutive prison sentence of five years to life on count two; that he should not depend on any promise by anyone with regard to the penalty that would be assessed; and, that the court could not determine the guideline range until preparation of the presentence report. Movant further stated that he had discussed the advisory guidelines with counsel; that he was satisfied with his counsel's representation; that his decision to plead guilty was voluntary and not induced by promises or coercion; that he understood that he would not be allowed to withdraw his plea if the sentence was more severe than he anticipated; that he had

---

[1] The "CR Doc." reference is to the docket in the underlying criminal action, No. 4:13-CR-141-A.

2

read and understood the indictment and the factual resume and had discussed them with counsel and understood the legal meaning of them; and that he agreed that the stipulated facts in the factual resume were true and that he admitted all elements of the offenses charged. The court found movant fully competent and capable of entering into an informed plea and that his guilty plea was knowing and voluntary. The court accepted the guilty plea as to each count of the indictment. Id.

On January 10, 2014, movant appeared for sentencing. CR Doc. 40. The court overruled movant's objection to the presentence report and sentenced him to a term of imprisonment of 262 months as to count one and a term of imprisonment of 60 months as to count two, to be served consecutively, for a total of 322 months, which was at the bottom of the guideline range. Id.

Movant's sentence was affirmed on appeal. 588 F. App'x 387 (5th Cir. 2014). The United States Supreme Court denied his petition for writ of certiorari. 135 S. Ct. 2824 (2015).

II.

Grounds of the Motion

Movant urges three grounds in support of his motion, worded as follows:

Ground One: INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO EXPLAIN LAW GOVERNING § 924(c)

3

> Supporting FACTS: Petitioner avers here, that counsel never at anytime explain-§ 924(c) to Petitioner. See DECLARATION IN SUPPORT, ATTACHED HERETO.
>
> Ground Two: 21 U.S.C. § 841 is unconstitutional and Petitioner is serving an unconstitutional sentence. Petitioner avers that where the district court bases the penalty by quantity and type-there is no penal[t]y provision for the generic substance.
>
> Supporting FACTS: Petitioner presents that where § 841(a) provides the prohibited act, there is no penalty provision for the generic substance named in § 841(a)-found in § 841(b). A prohibited act without a penalty provision contrary to congressional intent.
>
> Ground Three: INEFFECTIVE COUNSEL FAILURE TO EXPLAIN DIFFER[E]NT TYPES OF METHAMPHETAMINE TO PETITIONER AT ANYTIME
>
> Supporting FACTS: Petitioner avers here, that counsel never at anytime, explained the difference between "l" meth and "D" meth to Petitioner See: DECLARATION ATTACHED IN SUPPORT

Doc. 1 at 7.[2]

Attached to the motion is a one-page declaration containing conclusory allegations as follows:

> 2. Mr. William Hermemeyer [sic], Federal Public Defender, never at anytime explained the 18 U.S.C. § 924(c) law to me;
> 3. Had Mr. Hermemeyer [sic] explained the § 924(c) law to Me-I would not have pled guilty to the § 924(c) count;
> 4. Mr. William Hermemeyer [sic] never explained the "devo" and "Levo" type of methamphetamine to Me at anytime;
> 5. Had Mr. Hermemeyer [sic] explained the two types of methamphetamine to Me I would not have pled guilty without a stipulated plea with specific performance[.]

---

[2]The "Doc." reference is to the court's docket in this civil action.

4

III.

## Standards of Review

A.  <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge her conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later

5

collateral attack." <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  <u>Ineffective Assistance of Counsel Claims</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see also</u> <u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." <u>Strickland</u>, 466 U.S. at 697; <u>see also</u> <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562 U.S. 86 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 563 U.S. 170, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must

6

overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

## IV.

## Analysis

Movant has done nothing more than make conclusory allegations in support of each of his grounds. With regard to his claims of ineffective assistance of counsel, movant was required to make a specific showing of how counsel's errors were constitutionally deficient and how those errors prejudiced his right to a fair trial. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). He has done neither. The court cannot consider his bald allegations. Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983). Movant cannot overcome his solemn declarations made in open court without corroboration by independent and reliable evidence, of which movant has offered none. United States v. Palmer, 456 F.3d 484, 491 (5th Cir. 2006); United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). His plea was knowing and voluntary and movant has not shown otherwise. Nor has he shown that his counsel was ineffective.

As to movant's second ground in particular, the court is not required to guess at what the claim is. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993). In addition, the claim is barred

because movant did not raise it on direct appeal and it appears to be the type of claim that could have been raised. Movant has not shown cause and prejudice to avoid procedural default. See United States v. Guerra, 94 F.3d 989, 993-94 (5th Cir. 1996). And, in any event, 21 U.S.C. § 841(a) has been found to be constitutional, so it does not appear that this ground would have any merit in any event. United States v. Palacio, 477 F.2d 560, 561 (5th Cir. 1973).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 29 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2255(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED November 20, 2015.

/s/ John McBryde
JOHN McBRYDE
United States District Judge

8